IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **DEVON ANTHONY MOWATT,** | : |
| **Plaintiff,** | : |
| V. | : NO. 4:25-cv-00072-CDL-AGH |
| **DEPARTMENT OF HOMELAND SECURITY,** | : |
| **Defendant.** | : |

### ORDER OF DISMISSAL

Plaintiff Devon Anthony Mowatt has filed a pro se complaint citing 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis* ("IFP"). ECF No. 2.

According to the complaint, Plaintiff is a native and citizen of Jamaica, who is currently in custody of Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS") in the Stewart Detention Center in Lumpkin, Georgia. ECF No. 1 at 1. Plaintiff asserts that his "continued detention" violates his due process rights. *Id.* Additionally, Plaintiff asserts that he has been unlawfully imprisoned, that the Notice to Appear ("NTA") was defective, that his DNA was used without his consent in violation of the Fourth Amendment, and that there was an unspecified violation of the Fourteenth Amendment. *Id.* Plaintiff names only DHS as a defendant in this action. *Id.*

Thus, although Plaintiff cites 42 U.S.C. § 1983, a review of Plaintiff's complaint shows that he is challenging the fact of his current detention, rather than the conditions of his confinement. Generally, a habeas corpus petition is the appropriate vehicle for an individual to challenge the fact or duration of his confinement.[1] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, Plaintiff already has a 28 U.S.C. § 2241 petition for a writ of habeas corpus pending in this Court in relation to this same detention. *See Mowatt v. Dep't of Homeland Security*, Case No. 4:25-cv-00034-CDL-AGH. In that case, Plaintiff has also raised claims relating to the validity of his NTA and purported Fourteenth Amendment violations. Thus, this action is duplicative of Plaintiff's pending case.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of one already pending in federal court. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). "[A] suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions." *IA. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

Because the pleadings in these cases challenge the same detention and raise similar issues, the present action is duplicative of one already pending in this Court. Therefore, this case is now **DISMISSED WITHOUT PREJUDICE**, and the pending motion to

---

[1] There are limitations on this Court's ability to review a detainee's claims relating to the validity of his detention or removal proceedings. *See, e.g.*, 8 U.S.C. § 1252(a)(5), (b)(9). Because this case is appropriately dismissed as duplicative, as discussed herein, the extent of those limitations and whether Plaintiff may raise his claims in this Court are not addressed in this order.

proceed *in forma pauperis* is **DENIED AS MOOT**.[2]  *See Curtis*, 226 F.3d at 138.

**SO ORDERED**, this 11th day of March, 2025.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA

---

[2] In *Mowatt*, Case No. 4:25-cv-00034-CDL-AGH, Plaintiff has been ordered to amend his pending petition.  Therefore, he may raise any additional claims relating to the propriety of his detention in his amended petition in that case.